**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CEM BUSINESS SOLUTIONS, INC., *Plaintiff*, v. BHI ENERGY, *Defendant*. | Civil Action No. 21-18543 **OPINION & ORDER** |

**John Michael Vazquez, U.S.D.J.**

In this matter, Plaintiff alleges that Defendant failed to pay for a license that Plaintiff provided to Defendant, as required by the parties' contract. Currently pending before the Court is Defendant's partial motion to dismiss. Defendant seeks to dismiss Plaintiff's claim for attorneys' fees and costs, which arises through an indemnification clause in the contract. D.E. 5. Plaintiff filed a brief in opposition, D.E. 10, to which Defendant replied, D.E. 11. The Court reviewed the parties' submissions[1] and decided the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons set forth below, Defendant's motion is **DENIED**.

---

[1] Defendant's brief in support of its motion (D.E. 5-1) as "Def. Br."; Plaintiff's opposition brief (D.E. 10) as "Plf. Opp."; and Defendant's reply brief (D.E. 11) as "Def. Reply."

## I. BACKGROUND

Plaintiff and Defendant have a contract (the "Agreement") for the licensing of software.[2] Compl., Factual Background ¶ 1. Plaintiff alleges that pursuant to the Agreement, it delivered the software to Defendant and invoiced Defendant for the licenses. *Id.* ¶¶ 3, 11, 13. Defendant, however, failed to pay the outstanding invoices despite repeated demands. *Id.* ¶ 15.

Plaintiff then filed a Complaint in New Jersey state court, which Defendant removed to this Court.[3] D.E. 1. Plaintiff asserts claims for breach of contract, quantum meruit, book account balance recovery, and breach of the implied covenant of good faith and fair dealing. *Id.* In addition to actual damages, Plaintiff seeks attorneys' fees and costs due to an indemnification clause in the Agreement. Compl., Factual Background ¶¶ 8, 16. On November 2, 2021, Defendant filed the instant motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). As discussed, Defendant seeks to dismiss Plaintiff's claim for attorneys' fees and costs. D.E. 5.

## II. LEGAL STANDARD

Rule 12(b)(6) permits a court to dismiss a complaint that fails "to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). For a complaint to survive dismissal under Rule 12(b)(6), it must contain sufficient factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows

---

[2] The factual background is taken from Plaintiff's Complaint ("Compl."). D.E. 1. When reviewing a motion to dismiss, a court accepts all well-pleaded facts in the complaint as true. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). The Court also considered the Agreement, which forms the basis of Plaintiff's claims and is directly quoted throughout the Complaint. *See U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002) (explaining that when deciding a motion to dismiss under Rule 12(b)(6), a court may rely on "a document *integral to or explicitly relied* upon in the complaint") (emphasis in original) (citation omitted).

[3] This Court has diversity jurisdiction over the matter pursuant to 28 U.S.C. § 1332.

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Further, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016). In evaluating the sufficiency of a complaint, district courts must separate the factual and legal elements. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009). Restatements of the elements of a claim are legal conclusions, and therefore, are not entitled to a presumption of truth. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011). The Court, however, "must accept all of the complaint's well-pleaded facts as true." *Fowler*, 578 F.3d at 210.

### III. ANALYSIS

When considering attorneys' fees and costs, New Jersey[4] usually follows the "'American Rule,' which prohibits recovery of counsel fees by the prevailing party against the losing party." *In re Estate of Vayda*, 875 A.2d 925, 928 (N.J. 2005) (quoting *In re Niles*, 823 A.2d 1, 7 (N.J. 2003)). Although New Jersey law generally disfavors fee-shifting, "a prevailing party can recover [attorneys'] fees if they are expressly provided for by statute, court rule, or contract." *Packard-Bamberger & Co., Inc. v. Collier*, 771 A.2d 1194, 1202 (N.J. 2001). As discussed, Plaintiff maintains that it is entitled to attorneys' fees through an indemnification clause in the Agreement. Compl., Factual Background ¶ 8. The clause provides as follows:

> Indemnification. You [Defendant] agree to defend, indemnify and hold harmless Licensor [Plaintiff], its suppliers and its resellers from and against liabilities, costs, damages and expenses (including

---

[4] The Agreement includes choice of law provision stating that New Jersey law "shall govern the construction of [the] Agreement." *See* Rabasca Decl., Ex. A, ¶ 7. In diversity cases, courts look to the choice-of-law rules of the forum state, here New Jersey, to decide which substantive law to apply when interpreting a contract provision. *Collins ex rel. Collins v. Mary Kay, Inc.*, 874 F.3d 176, 183 (3d Cir. 2017). "New Jersey choice-of-law rules provide that 'ordinarily, when parties to a contract have agreed to be governed by the laws of a particular state, New Jersey courts will uphold the contractual choice.'" *Id.* (quoting *Instructional Sys., Inc. v. Comput. Curriculum Corp.*, 614 A.2d 124, 133 (N.J. 1992)). Consequently, the Court applies New Jersey law.

> settlement costs and reasonable attorneys' fees) arising from any claims from anybody that result from or relate to your use, reproduction or distribution of the Software or your breach of any representation, warranty or obligation under the Agreement.

*Id.*; *see also* Rabasca Decl., Ex. A, ¶ 10.  Defendant argues that Plaintiff cannot recover attorneys' fees through the indemnification clause because a claim for indemnification can only be triggered by a third party.  Def. Br. at 6-8.

Generally, a claim for indemnification is based on an indemnitee's claim to recover from the indemnitor for the indemnitee's liability to a third party.  *Feigenbaum v. Guaracini*, 952 A.2d 511, 518 (N.J. Super Ct. App. Div. 2008) ("[U]nder a contract of indemnity, 'the promisor undertakes to protect the promisee against loss or liability to a third person.'") (quoting *Fengya v. Fengya*, 383 A.2d 1170, 1173 (N.J. Super. Ct. App. Div. 1978)).  Defendant argues that Plaintiff fails to identify any New Jersey case that permitted recovery of attorneys' fees through an indemnification clause triggered solely by first-party claims.  Def. Reply at 3-4.  Defendant, however, provides no authority demonstrating that first-party indemnification claims are prohibited as a matter of law.  *Travelers Indem. Co. v. Dammann & Co., Inc.*, 594 F.3d 238, 255 (3d Cir. 2010) ("[W]e cannot hold that first-party indemnification claims . . . are categorically barred as a matter of law in New Jersey absent direct authority to that effect."); *see also GMFS, LLC v. FSB*, No. 18-582, 2019 WL 165711, at *5 (M.D. La. Jan. 9, 2019) (recognizing that courts applying New Jersey law have rejected first-party indemnity claims based on "the language of the particular indemnity provisions—not on any statutory or jurisprudential bar").  Consequently, the Court will not dismiss Plaintiff's claim for attorneys' fees as a matter of law.

As a result, the Court turns to the language of the indemnification clause itself.  "The objective in construing a contractual indemnity provision is the same as in construing any other part of a contract—it is to determine the intent of the parties."  *Kieffer v. Best Buy*, 14 A.3d 737,

4

742-43 (N.J. 2011). A court must "enforce the terms as written and not fashion a better contract for the parties than they themselves made." *Nye v. Ingersoll Rand Co.*, 783 F. Supp. 2d 751, 764 (D.N.J. 2001) (quoting *Loigman v. Twp. Comm. of the Twp. of Middletown*, 687 A.2d 1091, 1097 (N.J. App. Div. 1997)). In determining the parties' intent, the first step is to determine "whether the relevant terms and provisions of the contract are clear or ambiguous." *Heffron v. Adamar of N.J., Inc.*, 270 F. Supp. 2d 562, 570 (D.N.J. 2003) (quoting *Pacitti v. Macy's,* 193 F.3d 766, 773 (3d Cir. 1999)). The determination of whether a contract or a specific contractual term is clear or ambiguous is a question of law for the court to decide. *Nestor v. O'Donnell*, 693 A.2d 1214, 1220 (N.J. App. Div. 1997). "An ambiguity in a contract exists if the terms of the contract are susceptible to at least two reasonably alternative interpretations." *Id*. To determine the meaning through the objective intent of the parties, "the terms of the contract must be given their 'plain and ordinary meaning.'" *Id*. If a contract is unambiguous, the court must enforce the terms as written. *County of Morris v. Fauver*, 707 A.2d 958, 969 (N.J. 1998). However, "[i]f the meaning of an indemnity provision is ambiguous, the provision is 'strictly construed against the indemnitee.'" *Kieffer*, 14 A.3d at 743 (quoting *Mantilla v. NC Mall Assocs.*, 770 A.2d 1144, 1151 (N.J. 2001)).

Here, the indemnification language is very broad and encompasses "*any claims from anybody* that result from or relate to . . . your breach of any representation, warranty or obligation under this Agreement." Rabasca Decl., Ex. A, ¶ 10 (emphasis added). Thus, it seems that the indemnification clause covers claims between Plaintiff and Defendant. Moreover, Plaintiff argues that limiting the indemnification claim to third-party claims would render the language regarding BHI's "breach of any representation, warranty or obligation under this Agreement" meaningless. Plf. Opp. at 14; Rabasca Decl., Ex. A, ¶ 10. Defendant counters that the clause can only be read as permitting indemnification for Plaintiff's attorneys' fees when a third party is also involved.

5

Def. Reply at 6. But this interpretation would render the "any claims from anybody" language superfluous. The parties' competing interpretation of the indemnification provision suggests that the clause is, at best, ambiguous. *See Nestor*, 693 A.2d at 1220 ("An ambiguity in a contract exists if the terms of the contract are susceptible to at least two reasonably alternative interpretations."). Consequently, the Court cannot conclude, with the limited information before it, that the parties intended for the indemnification clause to only apply in the presence of third-party claims.

As a result, Defendant's motion is denied.

### IV. CONCLUSION

For the reasons stated above, and for good cause shown,

**IT IS** on this 4th day of April, 2022,

**ORDERED** that Defendant's motion to dismiss (D.E. 5) is **DENIED**.

　　　　　　　　　　　　　　　　　　＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
　　　　　　　　　　　　　　　　　　John Michael Vazquez, U.S.D.J.